# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

CLERK'S OFFICE
A TRUE COPY
Oct 03, 2024
s/ D. Olszewski
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of *(Briefly describe the property to be searched or identify the person by name and address)* **Information Associated with the Cellular Telephone Assigned Call Number (626) 654-9974, as further described in Attachment A** | Case No. 24 MJ 201 |

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the _____ District of _____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 922(o) & 924(c); 21 U.S.C. §§ 841, 846 & 843(b) | Unlawful possession of a machine gun; Possession of a firearm in furtherance of drug trafficking; Distribution of controlled substances; Possession of controlled substances with the intent to distribute; Conspiracy to distribute controlled substances; and Use of a communication facility to distribute controlled substances. |

The application is based on these facts:

See Attached Affidavit.

☑ Continued on the attached sheet.
☑ Delayed notice of __30__ days *(give exact ending date if more than 30 days: _____ )* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Jacob Dettmering, FBI SA
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by __telephone__ *(specify reliable electronic means)*.

Date: 10/03/2024

*Judge's signature*

City and state: Milwaukee, WI    Honorable William E. Duffin, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF
# AN APPLICATION FOR A SEARCH WARRANT

I, Jacob Dettmering, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location data (described more fully in Attachment B) associated of the cellular telephone assigned call number 626-654-9974, believed to be used by Dominique WILLIAMS and serviced by T-Mobile ("Target Cell Phone").

2. The Target Cell Phone is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

3. Because this warrant application seeks, among other things, the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), I also make this affidavit in support of an application by the United States of America for an order pursuant to 18 U.S.C §§ 3122 and 3123, authorizing the installation and use of pen registers and trap and trace devices ("pen-trap devices") to record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication to or from the Target Cell Phone.

4. I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have been since January 7, 2018. I was assigned to the FBI Capital Area Gang Task Force (CAGTF) in Baton Rouge, Louisiana from June 15, 2018 to April 1, 2020. Since April 1, 2020, I have been assigned as the Task Force Coordinator for the Milwaukee Area Safe Streets Task Force (MASSTF). Since 2018, I have investigated violations of federal law, directed drug and street gang

1

investigations, obtained, and executed search and arrest warrants related to the distribution of illegal narcotics, and debriefed confidential informants and cooperating defendants. I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), in that I am empowered by law to conduct investigations of and to make arrests for federal offenses.

5. I have experience in the investigation, apprehension, and prosecution of individuals involved in federal criminal offenses, the use of cellular devices to commit those offenses, and the available technology that can be used by law enforcement to assist in identifying the users of cellular devices and their location.

6. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and therefore does not set forth all of my knowledge about this matter.

7. There is probable cause to believe that Dominique WILLIAMS is using the Target Cell Phone, as he has provided it in the past to law enforcement (specifically, during an interaction with officers at O'Hare International Airport on June 5, 2024), and, as more fully described below, he recently provided it to an individual interviewed by law enforcement. I know from training and experience that cell phone users normally have their cell telephones with them, so locating a user's cell phone will show that user's location. I believe that locating the Target Cell Phone, and reviewing the contents of the Target Cell Phone, will constitute and lead to evidence of federal offenses, namely 21 U.S.C. §§ 841(a)(1), 843, and 846 (distribution of controlled substances; use of a communication facility to facilitate distribution of controlled substances; and conspiracy to distribute controlled substances), and 18 U.S.C. § 1503 (obstruction of due administration of

2

justice) (collectively, the "Target Offenses") that have been committed by N-Namdi WILLIAMS, his son Dominique WILLIAMS, and others.

8. The court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated, *see* 18 U.S.C. § 2711(3)(A)(i).

**PROBABLE CAUSE**

9. On October 1, 2024, an arrest warrant was issued for Dominique WILLIAMS by a United States Magistrate Judge for the Eastern District of Wisconsin, pursuant to a complaint captioned 24-MJ-187. On that same date, a search warrant (captioned 24-MJ-192) was issued for 1702 W. Capitol Drive, Milwaukee, Wisconsin, N-Namdi WILLIAMS' primary residence. The affidavits submitted in support of both documents are incorporated here by reference.

10. As more fully described in the affidavits previously incorporated here, law enforcement believes Dominque WILLIAMS leads a drug trafficking organization ("DTO") based in the Eastern District of Wisconsin, and that his DTO utilizes 1702 W. Capitol Drive, Milwaukee, Wisconsin, as part of its illicit trade.

11. On October 2, 2024, law enforcement officers attempted to execute the search warrant at 1702 W. Capitol Drive, Milwaukee, WI. They established surveillance around 5:30AM (CST), anticipating that the search would begin at 6:00AM. At approximately 5:59AM, they observed a white Chevy van, known to have been utilized by N-Namdi WILLIAMS in the past, leave 1702 W. Capitol Drive, Milwaukee, WI. The vehicle was originally traveling at an ordinary rate of speed, but as it proceeded away from the residence, the driver – believed to be N-Namdi WILLIAMS – would likely have been able to see law enforcement en route to the residence,

driving distinctive vehicles (including their BearCat, tinted sedans, and the entry-team vehicle). At that point, the white van, believed to be driven by N-Namdi WILLIAMS, accelerated at a high rate of speed. Law enforcement elected to let the van drive away and execute the warrant at 1702 W. Capitol Drive, Milwaukee, WI, where they recovered documents and records believed to be reflective of the DTO's activities. On this same morning of October 2, 2024, law enforcement has searched other locations associated with the DTO, recovering substantial quantities of controlled substances and firearms.

12. Law enforcement also noted, via previously authorized electronic surveillance, that N-Namdi WILLIAMS, shortly after his suspected flight from law enforcement, attempted to contact his son Dominique WILLIAMS (who was in California, which is on Pacific Standard Time and therefore two hours ahead) multiple times via cellular telephone. More specifically:

- N-Namdi WILLIAMS called Dominique WILLIAMS at approximately 6:06AM (CST). It appears they did not speak, as the call duration is four seconds.

- N-Namdi WILLIAMS then called Dominique WILLIAMS again, at approximately 6:07AM (CST). It appears they spoke, as the call duration is one minute and forty-nine seconds. Shortly after this point, location data associated with Dominique WILLIAMS' phone reflects that he and his device left their present location and began to travel at a very high rate of speed, even though it was only shortly after 4AM at his location. Based on the duration and context, law enforcement believes

that during this call, N-Namdi WILLIAMS advised Dominque WILLIAMS that law enforcement was attempting to execute search warrants, and he should flee.

- N-Namdi WILLIAMS next called Dominique WILLIAMS at approximately 7:45AM (CST). It appears they spoke, as the call duration three minutes and thirty-three seconds.

13. Law enforcement, using previously-authorized location data associated with Dominique WILLIAMS' other line, noted that Dominique WILLIAMS, shortly after contact with his father, began fleeing at a high rate of speed north, away from Santa Ana and towards Los Angeles. Dominique WILLIAMS appeared to stop using this other line later that morning, and law enforcement accordingly stopped receiving correlated location data.

14. That afternoon (that is, the afternoon of October 2, 2024), law enforcement located a blue Lamborghini Urus, bearing Virginia temporary plates M88965, which was known to be associated with WILLIAMS in the past. The vehicle was traveling on Interstate-5, in California, in an area that would have been consistent with operation by WILLIAMS. The vehicle's license plates were fictitious, and law enforcement in California conducted a traffic stop. The sole driver and occupant identified himself as "Sam," and claimed he was "mechanic" hired to fix the vehicle. "Sam" did not have any identification on his person, and there was a firearm inside the car. "Sam" claimed he was hired to fix the vehicle by "Mark." When law enforcement showed "Sam" a photo of Dominique WILLIAMS, "Sam" recognized Dominique WILLIAMS as "Mark." "Sam" provided two phone numbers for Dominique WILLIAMS: the number Dominique WILLIAMS had recently dropped and 626-654-9974 (previously defined as the Target Telephone). "Sam"

5

claimed "Mark" had used the Target Telephone to contact "Sam" as recently as Thursday, September 26, 2024.

15. Law enforcement knows that the Target Telephone has previously been utilized by WILLIAMS, but they had believed it was no longer active. After receiving this information provided by "Sam," law enforcement checked a database known to have been reliable in the past and saw that the Target Telephone was registered again on September 19, 2024.

16. At this point, law enforcement is attempting to locate both N-Namdi WILLIAMS and Dominique WILLIAMS. Law enforcement believes that the data requested here regarding the Target Telephone may help them locate Dominique WILLIAMS.

### Cell-Site Data

17. In my training and experience, I have learned that T-Mobile is a company that provides cellular communications service to the general public. I also know that providers of cellular communications service have technical capabilities that allow them to collect and generate information about the locations of the cellular devices to which they provide service, including cell-site data, also known as "tower/face information" or "cell tower/sector records." Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular device and, in some cases, the "sector" (i.e., faces of the towers) to which the device connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data provides an approximate general location of the cellular device.

18. Based on my training and experience, I know that T-Mobile can collect cell-site data on a prospective basis about the Target Cell Phone. Based on my training and experience, I

know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer was connected at the end of the communication; and (5) the duration of the communication. I also know that wireless providers such as the Service Providers typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

### E-911 Phase II / GPS Location Data

19. I know that some providers of cellular telephone service have technical capabilities that allow them to collect and generate E-911 Phase II data, also known as GPS data or latitude-longitude data. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. As discussed above, cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data. Based on my training and experience, I believe that T-Moible can collect E-911 Phase II data about the location of the Target Cell Phone, including by initiating a signal to determine the location of the Target Cell Phone on the Service Provider's network or with such other reference points as may be reasonably available.

## AUTHORIZATION REQUEST

20. Based on the foregoing, I request that the Court issue the proposed warrants, pursuant to 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41.

21. I further request that the Court direct T-Mobile to disclose to the government any information described in Section I of Attachment B that is within its possession, custody, or control.

22. I also request that the Court direct T-Mobile to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with the Service Provider's services, including by initiating a signal to determine the location of the Target Cell Phone on T-Mobile network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate T-Mobile for reasonable expenses incurred in furnishing such facilities or assistance.

23. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 120 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cell Phone would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure

of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

24. Because the warrant will be served on the Service Providers, who will then compile the requested records at a time convenient to them, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cell Phone outside of daytime hours.

# ATTACHMENT A

## Property to Be Searched

Records and information associated with the cellular device assigned call 626-654-9974 ("Target Cell Phone"), whose service provider is T-Mobile (the "Provider" or "Service Provider"), and whose suspected user is Dominique WILLIAMS.

10

# ATTACHMENT B

## Particular Things to be Seized

**I.     Information to be Disclosed by the Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A:

- a. The following subscriber and historical information about the customers or subscribers associated with Target Cell Phone for the time period September 19, 2024, to the date of this warrant:

    i. Names (including subscriber names, user names, and screen names);

    ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

    iii. Local and long distance telephone connection records;

    iv. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

    v. Length of service (including start date) and types of service utilized;

    vi. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

    vii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address);

    viii. Means and source of payment for such service (including any credit card or bank account number) and billing records**;** and

11

ix. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by Target Cell Phone, including:

(i) the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses);

(ii) information regarding the cell tower and antenna face (also known as "sectors" through which the communications were sent and received); and

(iii) timing advance data (PCMD, RTT, True Call, Timing Advance, LOCDBOR, or equivalent).

b. Information associated with each communication to and from Target Cell Phone for a period of 30 days from the date of this warrant, including:

   i. Any unique identifiers associated with the cellular device, including ESN, MEIN, MSISDN, IMSI, SIM, or MIN;

   ii. Source and destination telephone numbers;

   iii. Date, time, and duration of communication; and

   iv. All data about the cell towers (i.e. antenna towers covering specific geographic areas) and sectors (i.e. faces of the towers) to which the Target Cell Phone will connect at the beginning and end of each communication

The Court has also issued an order pursuant to 18 U.S.C. § 3123, dated today, for such information associated with Target Cell Phone.

c. Information about the location of Target Cell Phone for a period of 30 days during all times of day and night. "Information about the location of the Subject Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, per call measurement data (PCMD), Timing Advance, True Call, RTT, LOCDBOR, or similar and real time cell site information for 30 days and other precise location information.

   i. To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of the Provider, the Provider is required to disclose the Location Information to the government. In addition, the Provider must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with the Provider's services, including by initiating a signal to determine the location of the Target Cell Phone on the

12

Provider's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate the Provider for reasonable expenses incurred in furnishing such facilities or assistance.

ii. This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

**II.     Information to be Seized by the Government**

All information described above in Section I that constitute evidence of violations of 21 U.S.C. §§ 841(a)(1), 843, and 846 (distribution of controlled substances; use of a communication facility to facilitate distribution of controlled substances; and conspiracy to distribute controlled substances), and 18 U.S.C. § 1503 (obstruction of due administration of justice).

13



**CLERK'S OFFICE
A TRUE COPY
Oct 03, 2024
s/ D. Olszewski
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin**

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of ) | |
| *(Briefly describe the property to be searched* ) | |
| *or identify the person by name and address)* ) | Case No.  24  MJ  201 |
| Information Associated with the Cellular ) | |
| Telephone Assigned Call Number (626) ) | |
| 654-9974, as further described in Attachment A ) | |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of _____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before  10/17/2024  *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.    ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to  Hon. William E. Duffin .
*(United States Magistrate Judge)*

☑ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☑ for  30  days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:  10/03/2024 at 2:15 p.m.                                   *William E. Duffin*
                                                                                *Judge's signature*

City and state:     Milwaukee, WI                              Honorable William E. Duffin U.S. Magistrate Judge
                                                                           *Printed name and title*

| **Return** |||
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : |||
| Inventory of the property taken and name(s) of any person(s) seized: |||

| **Certification** |
|---|
| I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.<br><br>Date: _____<br><br>_____<br>*Executing officer's signature*<br><br>_____<br>*Printed name and title* |

# ATTACHMENT A

## Property to Be Searched

Records and information associated with the cellular device assigned call 626-654-9974 ("Target Cell Phone"), whose service provider is T-Mobile (the "Provider" or "Service Provider"), and whose suspected user is Dominique WILLIAMS.

1

# ATTACHMENT B

## Particular Things to be Seized

**I.     Information to be Disclosed by the Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A:

a. The following subscriber and historical information about the customers or subscribers associated with Target Cell Phone for the time period September 19, 2024, to the date of this warrant:

   i. Names (including subscriber names, user names, and screen names);

   ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

   iii. Local and long distance telephone connection records;

   iv. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

   v. Length of service (including start date) and types of service utilized;

   vi. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

   vii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address);

   viii. Means and source of payment for such service (including any credit card or bank account number) and billing records; and

2

ix. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by Target Cell Phone, including:

(i) the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses);

(ii) information regarding the cell tower and antenna face (also known as "sectors" through which the communications were sent and received); and

(iii) timing advance data (PCMD, RTT, True Call, Timing Advance, LOCDBOR, or equivalent).

b. Information associated with each communication to and from Target Cell Phone for a period of 30 days from the date of this warrant, including:

   i. Any unique identifiers associated with the cellular device, including ESN, MEIN, MSISDN, IMSI, SIM, or MIN;

   ii. Source and destination telephone numbers;

   iii. Date, time, and duration of communication; and

   iv. All data about the cell towers (i.e. antenna towers covering specific geographic areas) and sectors (i.e. faces of the towers) to which the Target Cell Phone will connect at the beginning and end of each communication

The Court has also issued an order pursuant to 18 U.S.C. § 3123, dated today, for such information associated with Target Cell Phone.

c. Information about the location of Target Cell Phone for a period of 30 days during all times of day and night. "Information about the location of the Subject Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, per call measurement data (PCMD), Timing Advance, True Call, RTT, LOCDBOR, or similar and real time cell site information for 30 days and other precise location information.

   i. To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of the Provider, the Provider is required to disclose the Location Information to the government. In addition, the Provider must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with the Provider's services, including by initiating a signal to determine the location of the Target Cell

3

> Phone on the Provider's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate the Provider for reasonable expenses incurred in furnishing such facilities or assistance.
>
> ii. This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

## II. Information to be Seized by the Government

All information described above in Section I that constitute evidence of violations of 21 U.S.C. §§ 841(a)(1), 843, and 846 (distribution of controlled substances; use of a communication facility to facilitate distribution of controlled substances; and conspiracy to distribute controlled substances), and 18 U.S.C. § 1503 (obstruction of due administration of justice).